Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
(602) 445-9819
(866) 565-1327 facsimile
mmeyers@attorneysforconsumers.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Stumpo,<br>on behalf of himself and<br>and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>Collecto, Inc., d/b/a EOS CCA<br><br>        Defendant. | Case No.<br><br><br><br><br>**ORIGINAL CLASS ACTION**<br>**COMPLAINT** |

### NATURE OF ACTION

1.     This is class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this

district, where Plaintiff reside in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff Joseph Stumpo ("Plaintiff") is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Collecto, Inc. d/b/a EOS CCA ("Defendant"), is a Massachusetts corporation[1] which at all relevant times engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant may be served by and through its registered agent: CT Corporation System, 2394 E Camelback Rd., Phoenix, AZ 85016.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor – originally Sprint PCS - other than Defendant.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

---

[1] Arizona File Number: F-0784479-1.

Original Class Action Complaint 2

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. Founded in 1991, Collecto, Inc., d/b/a EOS CCA is a privately held national debt management and recovery resource company. Defendant is headquartered in Norwell, Massachusetts and has regional centers in Chicago, Illinois; Dallas, Texas; Denver, Colorado; Norvato, California; Brockton, Massachusetts; Rochester, New York; and Romania (Callcenter).

13. Defendant and its five affiliated companies changed their d/b/a to EOS CCA in October 2009, to illustrate their connection to the German parent cooperation, the international EOS Group (Hamburg).

14. As the international EOS Group's U.S. division, Defendant caters to over 2000 clients across a broad spectrum of industries including commercial, healthcare, telecommunications, education and financial services.

15. Defendant is one of the largest accounts receivable management companies in the U.S. Its about 725 employees provide financial services to clients in all phases of the receivables cycle. Defendant now services over 2000 clients, with locations across all 50 states in the USA.

16. Defendant particularly specializes in the sectors of communication, commercial, healthcare, government and education. Customers include AT&T, Verizon Corporation, and eBay.

Original Class Action Complaint 3

17. Defendant employs state-of-the-art technologies in connection with its debt collection enterprise. Such technology includes, without limitation: An Ontario Systems FACS (Flexible Automated Collection System), A GC (Guaranteed Contacts) Predictive Dialer, on-line access to credit reports and skip-tracing services, and full integration of PC-based programs for custom reporting requirements.

18. On or about July 22, 2010, at or near 11:31AM, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one non-emergency telephone call to Plaintiff's cellular telephone number, without Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

19. Upon information and belief, Defendant, as a matter of pattern and practice, willfully and knowingly utilizes an automatic telephone dialing system, without prior consent, to make and/or place non-emergency telephone calls to persons' cellular telephone numbers in effort to collect from them obligations, or alleged obligation, owed or due, or asserted to be owed or due creditors other than Defendant.

20. On or about July 22, 2010, Defendant knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

> This message is for Joseph Stumpo, if you are not Joseph Stumpo, plesase hang up and call 8002689806 to remove this phone number from our records. If you are Joseph Stumpo, please continue to listen to this message. By continuing to listen to this message you acknowledge that you are Joseph Stumpo. There will now be a three second pause. [pause]

Original Class Action Complaint 4

> This is EOCCA this is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us about an important personal business matter at 8002689806. When calling please refer to reference number 2048959. Again the telephone number is 8002689806. And the account number that is needed when calling is 2048959. Thank you.

Link to Recording.

21. Upon information and belief, Defendant, as a matter of pattern and practice, knowingly and willfully initiates telephone calls to persons' residential and/or cellular telephone numbers to deliver prerecorded voice messages/voice recordings substantially similar or materially identical to the prerecorded voice message/voice recording delivered to Plaintiff on or about July 22, 2010.

## CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined by two distinct subclasses of individuals:

> i. All persons located in the Ninth Circuit who, within one year before the date of this complaint, received a voice message/voice recording from Defendant in connection with an attempt to collect any consumer debt, where the voice message was substantially similar or materially identical to the standardized messages delivered to Plaintiff.
>
> ii. All persons located in the Ninth Circuit, who, within four years before the date of this complaint, received on their cellular telephone line a non-emergency call initiated by Defendant using an automatic telephone dialing system absent prior express consent.

23. The proposed class specifically excludes The United States of America, the states of the Ninth Circuit, counsel for the parties, the presiding United States District

Court Judge, the Judges of The United States Court of Appeals for the Ninth Circuit and the Justices of The United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

24.	The class is averred to be so numerous that joinder of members is impracticable.

25.	The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

26.	The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

27.	There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. §1692 et. seq., and 47 U.S.C. §227; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

28.	The claims of Plaintiff are typical of those of the class(es) he seeks to represent.

29.	The claims of Plaintiff and of the class(es) originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

30. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

31. Plaintiff will fairly and adequately protect the interests of the class(es) and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class(es).

32. Plaintiff is willing and prepared to serve this Court and proposed class(es).

33. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

34. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

35. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class(es) would, as a practical matter, be dispositive of the interests of other members of the class(es) who are not parties to the action or could substantially impair or impede their ability to protect their interests.

36. The prosecution of separate actions by individual members of the class(es) would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal

theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

37. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class(es), making final declaratory or injunctive relief appropriate.

38. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class(es) predominate over any questions affecting only individual members.

39. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38.

41. 15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*      \*      \*

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

42.     "Meaningful disclosure" requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call. *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Costa v. National Action Financial Services,* 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

43.     "15 U.S.C. 1692d(6) applies 'equally to automated message calls and live calls.'" *Hosseinzadeh,* 387 F. Supp. 2d at 1115 (C.D. Cal. 2005), citing *Joseph v. J.J. Mac Intyre Cos.*, 238 F. Supp. 2d 1158 (N.D. Cal. 2002).

44.     On or about July 22, 2010, Defendant knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

> This message is for Joseph Stumpo, if you are not Joseph Stumpo, plesase hang up and call 8002689806 to remove this phone number from our records.  If you are Joseph Stumpo, please continue to listen to this message.  By continuing to listen to this message you acknowledge that you are Joseph Stumpo.  There will now be a three second pause. [pause]
>
> This is EOCCA this is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact us about an important personal business matter at 8002689806.  When calling please refer to reference number 2048959.  Again the telephone number is 8002689806.  And the account number that is needed when calling is 2048959.  Thank you.

Original Class Action Complaint 9

45. Defendant's message fails to disclose the identity of individual caller.

46. Defendant's message identifies Defendant as "EOCCA", which is not Defendant's true name and is confusing and misleading.

47. Defendant violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

   b. Adjudging that Defendant violated 15 U.S.C. § 1692d(6).

   c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

   d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

   e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

   f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

48. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46.

49. 15 U.S.C. § 1692e(14) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*       \*       \*
>
> (6) The use of any business, company, or organization name other than the true name of the debt collector's business, company or organization.

50. The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "Without limiting the general application of the foregoing," the statute sets forth various conduct that is a violation of § 1692e. Included in the enumeration of prohibited acts is "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company or organization." *Id*. at 1692e(14).

51. The name under which a debt collector is licensed to do business is the debt collector's "true name" for purposes of the FDCPA. *Moore v. National Account Systems, Inc.,* No. 91-CV-35, 1991 WL 313896, *1, (D. Conn. Nov. 13, 1991) (holding that the name under which a debt collector is licensed to do business is the debt collector's "true

name" for purposes of the FDCPA). *Accord Orenbuch v. N. Shore Health Sys., Inc.*, 250 F. Supp. 2d 145, 152 (E.D. N.Y. 2003).

52. Defendant is registered by the Arizona Division of Corporations under the name "Collecto, Inc."   (Exhibit "A").

53. Defendant is registered by the Arizona Department of Financial Institutions as a collection agency under the name "Collecto, Inc. DBA: EOS CCA."

54. Defendant has registered with the Arizona Department of State, Office of the Secretary of State, the Trade Name "EOS CCA".  (Exhibit "A").

55. "EOCCA" is not Defendant's true business name.

56. Defendant's use of the name "EOCCA" is deceptive and confusing and misleads consumers in that Defendant's message provides no clue as to the true identity of "EOCCA".  (*See e.g.* Exhibit "B").

57. Defendant violated 15 U.S.C. § 1692e(14) by using a business, company, or organization name other than the true name of its business, company or organization.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    g. Determining that this action is a proper class action, certifying Plaintiff as class representatives under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

    h. Adjudging that Defendants violated 15 U.S.C. § 1692e(14).

    i. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

j. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

k. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

l. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

58. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 56.

59. 15 U.S.C. § 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *   *   *
>
> (11) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

60. "It is a violation to send any communication that conveys to the consumer a false sense of urgency." *Leyse v. Corporate Collection Services, Inc.*, 2006 WL 2708451 (S.D. N.Y. 2006), citing Federal Trade Commission Staff Commentary 53 Fed.Reg. 50097-02 (1988); *see also Romine v. Diversitied Collection Servs.*, 155 F. 3d 1142, 1143 (9th Cir. 1998) (holding that a debt collector violates 15 U.S.C. § 1692e(10) by creating a false sense of urgency).

Original Class Action Complaint 13

61. Defendant violated 15 U.S.C. § 1692e(10) by leaving Plaintiff voice messages not only vague enough to provoke a recipient to return the calls in haste, but which would deceptively entice a consumer to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

  b. Adjudging that Defendant violated 15 U.S.C. § 1692e(10).

  c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

  d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

  e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

  f. Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV

62. Plaintiff repeat and re-alleges each and every allegation contained in paragraphs 1 through 60.

63. 47 U.S.C. § 227(B)(A)(iii) provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> \*   \*   \*
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*   \*   \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. § 227(B)(A)(iii).

64.     Defendant violated 47 U.S.C. § 227(b)(A)(iii) by willfully and knowingly using an automatic telephone dialing system to make and/or place non-emergency telephone calls to Plaintiff's cellular telephone line absent Plaintiff's prior consent.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(A)(iii);

c) Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

d) Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

65. Plaintiff is entitled to and hereby demands a trial by jury on all counts.

Dated: Tuesday, February 1, 2011.        Respectfully submitted,

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, Arizona 85012
(602) 445-9819
(866) 565-1327 (fax)
mmeyers@attorneysforconsumers.com

*Attorney for Plaintiff*
JOSEPH STUMPO